**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J.T. HALTER,

    Petitioner,                                       Case No. 2:07-CV-11072
                                                         HON. AVERN COHN

v.

C. EICHENLAUB,

    Respondent.

_____/

**OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner, J.T. Halter, is a federal inmate at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of sixty months for possession of child pornography shipped through interstate commerce, 18 U.S.C. § 2252 (a)(4)(B) and (b)(2). Petitioner has filed a pro se petition for writ of habeas corpus, challenging the policies of the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). Respondent, through the United States Attorney's Office, has filed a response, arguing that the claims are premature or lack merit. For the reasons that follow, the petition will be granted.

II. Procedural History

Petitioner was convicted of possession of child pornography shipped through interstate commerce and was sentenced to sixty months imprisonment and three years' supervised release. Petitioner has a pre-release preparation date of October 19, 2009

and a projected release date of March 26, 2010.

In August of 2006, Petitioner initiated the administrative process for placement in a CCC by requesting an immediate transfer to a CCC. His request was denied. Petitioner's final appeal was denied by the National Inmate Appeals Administrator on January 16, 2007. The administrator advised Petitioner that his final release plan had not yet been established and that a unit team would review the appropriateness of his placement in a CCC between eleven and thirteen months prior to his projected release date.

On March 13, 2007, Petitioner filed the instant petition, seeking relief on the following grounds, as phrased by Petitioner:

> A. Whether the Bureau of Prisons categorically removed its ability to consider [Petitioner] under the explicit factors set forth by Congress in Section 3621(b) for making placement and transfer determinations to a Community Corrections Center?
>
> B. Whether the Bureau of Prisons are restricted by 18 U.S.C. § 3624(c) in designating a Community Correction Center for an inmate, not to exceed six months, or the last 10 per centum of the term?
>
> C. Whether the Memorandum issued by the Department of Justice Office of Legal Counsel ("OLC") on December 13, 2002, concluding that the Bureau of Prisons did not have "general authority" under Section 3621 to place inmates at the outset of their sentence or at any time the BOP chooses, is an invalid interpretation of the BOP's authorizing statute,18 U.S.C. § 3621(b)?
>
> D. Whether 28 C.F.R. §§ 570.20(a) and 570.21(a)(b), the 2005 regulations [under which] the Bureau of Prisons will designate inmates to Community Correction Centers only as part of pre-release custody and progrramming, during the last ten percent of the prison sentence being served, not to exceed six months, is an invalid interpretation of the BOP's authorizing statute, 18 U.S.C. § 3621(b)?
>
> E. Whether [petitioner] is entitled to the same consideration based on *Fults v. Sanders,* 422 F. 3d 1088, 1092 (8th Cir. 2006), 18 U.S.C. §

3621(b) and Equal Protection Clause, where pursuant to *Fults,* the BOP are automatically reviewing all inmates who were sentenced in the 8th Circuit, and are being housed within the Bureau of Prisons within the 8th Circuit, for a transfer to a halfway house, for the last 11-13 months of their sentence to be served in a halfway house? If yes, whether petitioner is further entitled to consideration for a transfer to a halfway house for the last 24 months of sentence? If yes, whether this Court should order the BOP to reconsider petitioner's original request for a transfer to a halfway house for the last 24 months of sentence?

III. Analysis

A.

As an initial matter, the Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F. 3d 1122, 1123 (6th Cir. 1998). Petitioner's challenge to the BOP regulations regarding CCC placement are properly brought in a section 2241 petition. See Hacker v. Federal Bureau of Prisons, 450 F. Supp. 2d 705, 709 (E.D. Mich. 2006)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)).

Moreover, although prisoners possess "no inherent constitutional right to placement in any particular prison or in any particular section within the prison system." *Williams v. Bass*, 63 F. 3d 483, 485 (6th Cir. 1995). However, Petitioner is entitled to habeas relief if he can show that he is in custody in violation of some other federal law. See 28 U.S.C. § 2241(c)(3).

B.

Petitioner has brought a number of separate claims. However, Petitioner is essentially arguing that the BOP has violated its statutory duty by using invalid BOP regulations to deny Petitioner immediate consideration for placement in a community

3

corrections center for greater than six months, without considering the factors set forth in 18 U.S.C. § 3621(b) for determining the location of an inmate's placement in the federal penal system. In order to evaluate Petitioner's claim, a brief outline of the relevant statutes and BOP policies is appropriate.

C.

18 U.S.C. § 3621(b) states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3624(c), however, states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

Until December of 2002, the Bureau of Prisons considered inmates to be eligible for placement in a CCC for as much as six months at the end of their sentences, regardless of the length of their sentences. See Levine v. Apker, 455 F.3d 71, 75 (2d

4

Cir. 2006); Fults v. Sanders, 442 F. 3d 1088, 1089 (8th Cir.2006); Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 240 (3d Cir. 2005).

On December 13, 2002, the Attorney General's Office of Legal Counsel (hereinafter "OLC") issued a memorandum which states that the BOP no longer has any discretionary authority to place an offender in a CCC based upon criteria set forth under 18 U.S.C. § 3621(b). The memorandum states:

> When an offender has received a sentence of imprisonment, the Bureau of Prisons does not have general authority, either upon the recommendation of the sentencing judge or otherwise[,] to place such an offender in community confinement at the outset of his sentence or to transfer him from prison to community confinement at any time BOP chooses during the course of his sentence.

The BOP subsequently adopted a policy consistent with the OLC's conclusion.

Thereafter, the Court of Appeals for the First and Eighth Circuits held that this policy change, reflected in the OLC, is contrary to the plain meaning of 18 U.S.C. §§ 3621 and 3624. See Elwood v. Jeter, 386 F. 3d 842 (8th Cir. 2004); Goldings v. Winn, 383 F. 3d 17 (1st Cir. 2004).

In response to the decisions of the First and Eighth Circuit, the BOP implemented two new regulations on February 14, 2005 regarding the placement of inmates in CCCs. The first regulation, 28 C.F.R. § 570.20, "provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community." The second regulation, 28 C.F.R. § 570.21, states that the BOP "will designate inmates to community confinement

only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." The BOP will not designate a prisoner to community confinement for a longer period unless "specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority." 28 C.F.R. § 570.21.

D.

Although the Court of Appeals for the Sixth Circuit has yet to address the validity of the BOP regulations at issue, two judges in this district have recently held that the BOP's policy of not placing prisoners in community confinement until the last ten percent or six months of their sentences is contrary to congressional intent and that the BOP must apply the factors in 18 U.S.C. § 3621(b) when considering placement in a CCC. See Weirup v. Eichenlaub, No. 07-10672, 2007 WL 2300715 (E.D. Mich. Aug. 7, 2007) (unpublished);[1] Holloway v. Marberry, No. 06-12516, 2007 WL 1880386 (E.D. Mich. June 27, 2007) (unpublished),[2] In both Weirup and Holloway, the district court carefully surveyed cases from other jurisdictions reaching a similar conclusion.[3] The district court's analysis in Holloway bears repeating:

---

[1]On September 6, 2007, the district court granted respondent's motion for stay pending appeal.

[2]The district court also granted respondent's motion for stay pending appeal. The case is on appeal. See Holloway v. Marberry, No. 07-2040.

[3]As noted above, four federal appellate courts have found the regulations in question to be invalid. See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fultz v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). It does not appear that certiorari was sought in any of these cases.

6

An agency's interpretation of a statute ordinarily is entitled to deference. Chevron v. Nat'l Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, when reviewing an agency's interpretation of a statute, courts must first ask "whether Congress has directly spoken to the precise question at issue." Id. at 842. If Congress has not directly addressed the issue or if the statute is silent or ambiguous on a specific issue, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

The intent of 18 U.S.C. § 3621(b) is clear. It requires the Bureau of Prisons to consider five factors when designating a prisoner's place of imprisonment. Because Congress' intent is clear from a reading § 3621(b), "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43. There is no need to defer to the agency's interpretation in light of the clear and unambiguous language of § 3621(b). Fults, 442 F.3d at 1090; Wedelstedt v. Wiley, 477 F.3d 1160, 1167 (10th Cir. 2007).

Even if the Court were to assume that the statute is ambiguous, the regulations in question are not based on a permissible construction, because they take a categorical approach to placement of prisoners and do not allow for consideration of the five factors set forth in 18 U.S.C. § 3621(b). Woodall, 432 F.3d at 249. Thus, the regulations are invalid. Wedelstedt, 477 F.3d at 1165 (concluding that 28 C.F.R. §§ 570.20 and 570.21 "impermissibly conflict with the clear and unambiguous congressional intent articulated in 18 U.S.C. § 3621(b) and are, therefore invalid"); Levine, 455 F.3d at 87 (holding that, "in transferring an inmate to a CCC or any 'available penal or correctional facility,' the [Bureau of Prisons] must consider the factors set forth in § 3621(b), without reference to 28 C.F.R. § 570.21"); Fults, 442 F.3d at 1092 (stating that the Bureau's regulation conflicts with 18 U.S.C. § 3621(b) and is invalid); Woodall, 432 F.3d at 237 and 244 (concluding that the 2005 regulations, which categorically limit the amount of time an inmate may be placed in a CCC, are unlawful because they do not allow the Bureau to consider the five factors in § 3621(b)).

The grammatical construction of 18 U.S.C. § 3621(b) compels the conclusion that the Bureau must "be informed by the list of five Congressional concerns." Levine, 455 F.3d at 81; accord Fults, 442 F.3d at 1091-92; Woodall, 432 F.3d at 245. The legislative history also supports a reading that consideration of the five factors in 18 U.S.C. § 3621(b) is mandatory. Levine, 455 F.3d at 82; Woodall, 432 F.3d at 245-46. In fact, a Senate Judiciary Committee report "disavows any restriction on the [Bureau's] exercise of discretion...." Levine, 455 F.3d at 82.

7

> . . .
>
> Furthermore, while 18 U.S.C. §§ 3621(b) and 3624(c) may appear to contradict each other,[t]he statutory command in § 3621(b) stands alone as a clear and unambiguous articulation of congressional intent regarding the process by which the BOP should make placement and transfer determinations. Accord Levine, 455 F.3d at 82; Woodall, 432 F.3d at 246. Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place an inmate in a CCC or other form of community confinement as the inmate's release date nears, § 3624(c) has no bearing on whether a CCC may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration. See Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir.1992) ] (interpreting § 3624(c) as imposing a mandatory obligation on the BOP to facilitate a prisoner's pre-release transition, but explicitly stating § 3624(c) does not affect the agency's discretion in determining an individual prisoner's place of imprisonment prior to the pre-release period); accord Woodall, 432 F.3d at 250 ("[Section] 3624[ (c) ] does not determine when the BOP should consider CCC placement, but when it must provide it."); Elwood, 386 F.3d at 847 ("Under § 3621(b), the BOP may place a prisoner in a CCC for six months, or more. Under § 3624(c) the BOP must formulate a plan of pre-release conditions." (emphasis added)); Goldings v. Winn, 383 F.3d 17, 26 (1st Cir. 2004) (same).... [Section] 3624(c) has no bearing on whether §§ 570.20 and 570.21 are consistent with the § 3621(b) statutory scheme for BOP placement and transfer determinations. Wedelstedt, 477 F.3d at1166 (alterations in original with the exception of the full name and citation for Prow ).

Holloway, 2007 WL 1880386 at *4-6. The Court agrees with the district court in Weirup and Holloway and likewise holds that BOP regulations §§ 570.20 and 570.21 conflict with the clear intent of 18 U.S.C. § 3621(b) and, therefore, are invalid. A categorical approach to the placement of inmates in CCCs, which is based solely on the length of a prisoner's sentence, is inconsistent with 18 U.S.C. § 3621.

IV. Conclusion

Accordingly, the petition is GRANTED. The BOP is directed to consider immediately whether Petitioner is eligible for transfer to a CCC. However the BOP is

8

not required to place Petitioner in a CCC for more than the last six months or ten percent of his sentence, but it must at least consider in good faith the factors in 18 U.S.C. § 3621(b) without regard to 28 C.F.R. §§ 570.20 and 570.21. The Court expresses no opinion on Petitioner's ultimate eligibility for placement in a CCC.

**SO ORDERED**.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: September 25, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and J Halter, 66431-061, FCI Milan, P.O. Box 1000, Milan, MI 48160-1090 on this date, September 25, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160