UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.T. HALTER,

    Petitioner,                                                     Case No. 07-CV-11072

v.                                                                    HON. AVERN COHN

C. EICHENLAUB,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S PRO SE, EX PARTE MOTION FOR INJUNCTIVE ORDER OF PROTECTION AND CEASE AND DESIST, AND MOTION FOR ORDER OF COMPLIANCE TO JUDGMENT, AND WRIT OF EXECUTION INSTANTER, AND MOTION FOR EXPEDITIOUS ADJUDICATION AND EXECUTION, AND MOTION TO PROCEED PRO SE AND IN FORMA PAUPERIS**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner filed a pro se petition for writ of habeas corpus, in which he challenged the policies of the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). On September 25, 2007, the Court granted Petitioner habeas relief and directed the BOP to consider immediately whether Petitioner was eligible for transfer to a CCC. See Halter v. Eichenlaub, No. 07-11072, 2007 WL 2873944 (E.D. Mich. Sept. 25, 2007).[1] On October 18, 2007, the Court amended its order and directed the BOP to consider whether Petitioner was immediately eligible for a transfer to a CCC within thirty days.

Now before the Court is Petitioner's motion for an injunctive order and an order of compliance with the Court's original judgment. For the reasons that follow, the motion is

---

[1] Respondent did not appeal.

DENIED.

II.

Petitioner says that the BOP failed to comply with the Court's order granting habeas relief because they have failed to release him to a CCC. A district court that grants a conditional writ of habeas corpus retains jurisdiction to execute a lawful judgment which grants a writ of habeas corpus when it becomes necessary. See Gentry v. Deuth, 456 F. 3d 687, 692 (6th Cir. 2006). If, on the other hand, the Respondent meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. Id.

Here, the Court ruled that the BOP could not use 28 C.F.R. §§ 570.20 and 570.21 to categorically deny petitioner placement in a CCC, because such a categorical approach was inconsistent with 18 U.S.C. § 3621(b). The Court directed the BOP to immediately consider whether petitioner was eligible for transfer to a CCC. Significantly, however, the Court indicated that the BOP was <u>not required</u> to place petitioner in a CCC for more than the last sixth months or ten percent of his sentence, but was only required to consider in good faith the factors contained in 18 U.S.C. § 3621(b) without regard to §§ 570.20 and 570.21.

Petitioner has attached to his motion a letter dated December 3, 2007 from his unit manager, which indicated that petitioner's "Unit Team" at the FCI-Milan had conducted a meeting with Petitioner on November 26, 2007 to consider him for placement in a CCC. Because Petitioner's custody status was currently "IN CUSTODY", he was deemed ineligible for placement in a CCC; his custody level must

be COMMUNITY in order to be released to a CCC. The BOP also indicated that it considered the circumstances of Petitioner's offense, criminal history, and other characteristics in making the determination that he was ineligible for CCC placement.

Nothing in the unit manager's letter to Petitioner indicates that the BOP used §§ 570.20 and 570.21 to deny petitioner CCC placement, nor is there any indication that the BOP did not give Petitioner the individualized determination, as required by the Court's order, in denying him CCC placement. Petitioner has failed to show that the BOP failed to comply with the terms of the Court's order granting habeas relief. Thus, there is no basis for an order of compliance or injunction.

Petitioner's motion also contains several allegations unrelated to the instant petition. For instance, Petitioner raises several allegations challenging his underlying criminal convictions which arose in the Southern District of Ohio.[2] To the extent Petitioner seeks to challenge his underlying conviction, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper post-conviction avenue for relief. Such a motion must be filed in the district that sentenced Petitioner, the Southern District of Ohio. Moreover, the Court cannot construe this motion as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. In re Shelton, 295 F. 3d 620, 622 (6th Cir. 2002)

Petitioner also raises a number of challenges to the conditions of his confinement, including allegations that he was wrongly placed in segregation, that he was wrongly fired from his job, that some of his personal property was stolen, that he was improperly relocated to another prison unit, and that prison officials have hindered

---

[2] Petitioner's convictions were recently affirmed on direct appeal. See United States v. Halter, 259 Fed. Appx. 738 (6th Cir. 2008).

or obstructed his access to the mails. Although 42 U.S.C. § 1983 does not apply to actions against Federal officials, because they are not state actors acting under color of state law, See e.g. Benson v. United States, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997), a prisoner may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390-397 (1971). Petitioner should therefore bring his complaints regarding the conditions of his confinement as a separate Bivens action.

**SO ORDERED**.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was mailed to J Halter, 66431-061, FCI - Milan, P.O. Box 1000, Milan, MI 48160-1090 and the attorneys of record on this date, July 22, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160